FILED

2003 DEC -3  A 10: 40

US DISTRICT
B...

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JORGE L. DUPREY<br>Plaintiff | Civil No. 301CV2278(SRU) |
| v | |
| ONESOURCE FACILITY SERVICES, INC.<br>Defendant | OCTOBER 13, 2003 |

MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff, Jorge L. Duprey, hereby submits this Memorandum of Law in opposition to the Defendants' Motion for Summary Judgment as to all counts of the Complaint in this matter.

**I.   Introduction**

This is a discrimination and retaliation action under Title VII and 42 U.S.C. §1981, in which the Plaintiff, a Hispanic male, alleges that the Defendants have discriminated against him due to his race, color and national origin, and have retaliated against him for opposing Defendants' discriminatory treatment of him, including his filing of a complaint with the Equal Employment Opportunity Commission as well as a number of grievances pursuant to relevant collective bargaining agreements.

In Count 1, the Plaintiff contends that: a) his compensation is and has been less than other

employees with similar responsibilities; b) OneSource failed to promote him into various positions for which he applied and was qualified; c) various vacation time that he requested were unfairly denied; and d) he has been prohibited, along with other Spanish speaking employees, from speaking Spanish in the workplace.

In Count 2, the Plaintiff alleges that he was retaliated against for filing a charge of discrimination in August 2000, by way of: a) an alleged failure to promote; b) termination of his employment in March 2001; c) reinstatement in July 2001, but to a more menial and less responsible position and d) abusive, harassing and demeaning conduct toward him.

**II.     Standard of Review**

Generally summary judgment is appropriate when the evidence demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

When ruling on a summary judgment motion, the court must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson, 477 U.S. at 255; 106 S.Ct. 2505; Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Adickes v. S. H. Kress & Co.398 U.S. 144, 158-59, 90 S.Ct. 1598, 26

L.Ed.2d 142 (1970). When a motion for summary judgment is properly supported by documentary and testimonial evidence, however, the nonmoving party may not rest upon the mere allegations or denials of his pleadings, but rather must present significant probative evidence to establish a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Colon v. Couglin, 58 F.3d 865, 872 (2d Cir. 1995).

However, the Second Circuit has stated that a district court should exercise particular caution in deciding whether or not summary judgment should be issued in an employment discrimination case. Carlton v. Mystic Transportation, Inc., 202 F.3d 129, 134 (2d Cir.), cert denied, 530 U.S. 1261, 120 S. Ct. 2718, 147 L.Ed.2d 983 (2000); Gallo v. Prudential Residential Services, Ltd. Partnership, 22 F.3d 1219, 1223 (2d Cir. 1994); Strauss v. Microsoft Corp., 814 F.Supp 1186 (S.D.N.Y. 1993). In particular, at the summary judgment stage when intent or credibility is at issue, the court must carefully scrutinize the depositions and affidavits for circumstantial evidence that if believed, would show discrimination. Gallo, 22 F.3d at 1223; Strauss, 814 F.Supp 1186; U.S. v. United Scenic Artists Local 829 of Brotherhood of Painters, Decorators and Paperhangers of America, 27 F.R.D. 499, (D.C.N.Y. 1961). Even in these cases, however, "a plaintiff must provide more than conclusionary allegations of discrimination to defeat a motion for summary judgment." Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir. 1997). Instead, the plaintiff "must come forward with evidence that would be

sufficient to support a jury verdict in his favor." Goenaga v. March of Dimes Birth Defects Foundation, 51 F.3d 14 (2d Cir. 1995).

Burden shifting analysis as applied to a Title VII employment discrimination action, an employee does not always need to introduce additional, independent evidence of discrimination, but rather an employee may attempt to show discrimination by showing that the employer's proffered explanation for adverse employment action is unworthy of credence, as stated in the final step of McDonnell Douglas v. Green, 411 U.S. 792; 93 S.Ct 1817; 36 L.Ed.2d 668 (1973) Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 149, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); Matos v. Bristol Board of Education, 204 F. Supp.2d 375, 380 (D.Conn. 2002).

### III.    Discussion

A. In support of their motion for summary judgment, Defendants have asserted by way of affidavits and supporting documentation that the Plaintiff's wage rates are set by union agreement. This assertion completely ignores the issue about which the Plaintiff complains. For example, from July 1, 1999, Plaintiff was simultaneously assigned duties as the Audio Visual Assistant, Handyman, Light Department Worker and Electrical Assistant. Furthermore, without any additional compensation, the Plaintiff routinely performed duties and services for Defendants which duties and services were outside of his job classification. Thus, the Plaintiff

was entitled to compensation that was reflective of the duties and services that he performed.in a higher job classifications.

The Plaintiff's assertion that he is entitled to enhanced compensation for the duties, tasks and responsibilities which he performed which were in a higher job classification than the one to which he was assigned constitutes a genuine issue of material fact and consequently, summary judgment should be denied. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct 2505, 91 L.Ed.2d 202 (1986).

B. In support of their motion for summary judgment, the Defendants have asserted by way of affidavits and other supporting documentation that the Plaintiff lacks the qualifications for any of the positions upon which he bases his complaint. Additionally, Defendants rely heavily upon their interpretation that the Plaintiff has unequivocally admitted in his deposition and unambiguously acknowledged in a signed grievance arbitration settlement agreement dated February 16, 2001, that he did not and does not possess the necessary qualifications for certain positions upon which he bases his complaint.

In response to the questioning of Defendants' counsel, during deposition Plaintiff has merely admitted that he did not meet all of the requirements specified in the job description for the positions that he sought. Similarly, Plaintiff signed a grievance arbitration settlement agreement merely acknowledging that he did not meet all of the requirements that Defendants

alleged were qualifications for the positions in question. However, the Plaintiff disputes that the failure to meet all such requirements precludes his promotion or reinstatement to the positions he was seeking. In fact, whether such requirements are strictly or inconsistently applied constitute a genuine issue of material fact thereby precluding the grant of summary judgment in favor of the Defendants.

An employee may attempt to show discrimination by showing that the employer's proffered explanation for adverse employment action is unworthy of credence. Reeves, 530 U.S. 133, 149, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); Matos, 204 F. Supp.2d 375, 380 (D.Conn. 2002). Accordingly, the following examples of the Defendants' personnel practices make the Defendants' proffered explanation for not promoting or reinstating the Plaintiff unworthy of credence.

Kevin Breault, a white male, has worked as an Audio Visual Engineer for Defendants from approximately July 2, 2000 until the present time. In July 2001, at the same time that the contract between the State and OneSource upgraded the licensing requirement to V2 for the Audio Visual Technician's position which Plaintiff sought, that contract also upgraded the license requirement for the audio Visual Engineer's position to V1. In contrast to the manner in which the Plaintiff was treated, Kevin Breault was continued in the position of Audio Visual Engineer even though he did not possess the V1 license mandated by the contract.

Maureen Burris, a white female, formerly served as an Electrical Apprentice of Defendant OneSource. When the Plaintiff pursued this position, he was informed that he would not be promoted into the position because he was not qualified, lacking experience and not having completed the allegedly required technical school course. In contrast to the way the Plaintiff was treated, at the time that she was hired "off the street" to be an Electrical Apprentice, Maureen Burris had less experience than the Plaintiff and she had not completed the allegedly required technical school course in question.

Consequently, on the basis of the foregoing examples, it is clear that the Defendants are not fairly, evenly and consistently applying the so-called requirements of the contract, the job postings and the job descriptions as to all candidates for OneSource positions. Moreover, because of the glaring inconsistent and discriminatory application of alleged contract, job posting and job description requirements when it comes to the Plaintiff, the Defendants' proffered explanation for not promoting or reinstating the Plaintiff is unworthy of credence. Reeves, 530 U.S. 133, 149, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); Matos, 204 F.Supp.2d 375, 380 (D. Conn. 2002). This is particularly so because in an employment discrimination case, such as this, the Defendants' intent and credibility are at issue and therefore the Court should deny the Defendants' motion for summary judgment. Gallo, 22 F.3d at 1223; United Scenic Artists, (D.C.N.Y. 1961).

The positions that should be considered most relevant for purposes of the Plaintiff's action are the Audio Visual Technician position, the Electrical Apprentice position, the General Maintenance Worker position and the Painter/Taper position. As to these four positions, there most certainly are genuine issues of material fact and Plaintiff's evidence is sufficient to support a jury verdict in his favor. Goenaga, 51 F.3d 14 (2d Cir. 1995).

In addition to the foregoing, the following circumstances support the existence of genuine issues of material fact necessitating the denial of the Defendants' motion for summary judgment and justifying a trial of the issues.

With respect to the Audio Visual Technician position the duties, tasks and responsibilities of the Audio Visual Technician's position are not distinguishable from the duties, tasks and responsibilities which Plaintiff performed for the previous eight years when he occupied the Audio Visual Assistant's position. Additionally, in light of the demonstrated practices of the Defendants, whether the Plaintiff could have assumed the Audio Visual Technician's position while pursuing the licensing in question is a matter in dispute.

With respect to the Electrical Apprentice position, Nancy Murray intentionally and deliberately created a dilemma for Plaintiff by assigning Plaintiff to a period of vacation that conflicted with the scheduled date of the technical school course that Plaintiff allegedly needed to complete in order to qualify for the position. This conduct is a part of the discriminatory and

retaliatory treatment about which Plaintiff complains in his complaint.

With respect to the General Maintenance Worker positions, the reasons why the job posting was withdrawn remain unclear and should be deemed to be a genuine issue of material fact in dispute.

With respect to the Painter/Taper position many of the skills and much of the experience sought are overly broad relative to the routine duties, tasks and responsibilities of the Painter/Taper. For example, historic stenciling is not typically performed by Painter/Taper employees, but rather such tasks are usually contracted out. Consequently, the Plaintiff's indication that he does not possess the painting, plasterboard and sheetrock experience specified in the contract, job posting and job description is insignificant.

C. In support of their motion for summary judgment, the Defendants have asserted by way of affidavits and other supporting documentation that the Plaintiff admitted that he and other Spanish speaking employees have not been prohibited from speaking Spanish in the workplace, and have never been disciplined for doing so. Although OneSource employees routinely speak Spanish among themselves throughout the workday and throughout the workplace, Defendant Nancy Murray has made it clear to them that speaking Spanish during the workday is unacceptable. While there may not be any official rule or policy against One Source employees speaking Spanish in the workplace, most OneSource employees are intimidated by

Nancy Murray's negative attitude and comments, and will refrain from speaking Spanish as soon as she comes around. While there has not been any formal disciplinary action against employees for speaking Spanish, Nancy Murray has angrily chastised employees for speaking Spanish in the workplace and has not intervened when other employees of the Defendant OneSource have reacted inappropriately when Spanish speaking employees have conducted conversations in Spanish while in the presence of such other employees at the workplace during the workday.

There has been no showing by Defendants that "English only" was justified as a "business necessity" or for efficiency purposes for any specific Spanish speaking incidents about which Plaintiff has complained.

D. In support of their motion for summary judgment, the Defendants have asserted by way of affidavits and other supporting documentation that Plaintiff has not been denied any vacation time and that the Plaintiff has received all vacation time to which he was entitled. However, the real issue about which the Plaintiff complains is that he has never received vacation time for the specific periods which he has requested.

In fact, with respect to the Electrical Apprentice position in which Plaintiff was interested, Nancy Murray intentionally and deliberately created a dilemma for Plaintiff by assigning Plaintiff to a period of vacation that conflicted with the scheduled date of the technical school course that Plaintiff allegedly needed to complete in order to qualify for that position.

Although Plaintiff informed Nancy Murray of the conflict and his desire to take the required course, Nancy Murray refused to accommodate the Plaintiff's request.

All of this conduct, including the continual and repeated denial of Plaintiff's specific vacation requests, is part of the discriminatory and retaliatory treatment to which Plaintiff has been subjected by Defendant OneSource and Defendant Nancy Murray.

During the investigation of Plaintiff's allegations conducted by the Equal Employment Opportunity Commission (EEOC), Defendants have asserted that no vacation requests are granted for any time during the busiest time of the legislative session, that Plaintiff's co-workers have submitted vacation requests for the same period prior to the Plaintiff's request being submitted and that other employees submitted vacation requests for specific dates which are not authorized due to staffing needs or prior submission of vacation requests for the same period

E.  In support of their Motion for Summary Judgment, the Defendants have asserted by way of affidavits and other supporting documentation that Plaintiff's termination in 2001 was solely the result of a 16 day "no call/no show" violation.

Plaintiff discussed vacation or leave with Nancy Murray who wanted to know how Plaintiff wanted to characterize this time off that he was requesting. Additionally, Plaintiff has spoken with Juan Hernandez who in turn spoke with Pat McGinley. All Defendants were aware of Plaintiff's plans and why he was not at work.

Co-workers overheard Nancy Murray state that if Jorge leaves he will be fired.

Any other employee, particularly those not of Hispanic national origin, under the same circumstances would either have been granted vacation or leave or if disciplined would have been suspended at most.

In its initial response to the Plaintiff's complaint, Defendant OneSource responded that Plaintiff's request for time off was denied because such requests were simply not granted during the busiest time of the legislative session. In fact, a number of employees who are white have been granted time off or vacation during the legislative session.

F.  Defendants assert that there exists no evidence of Nancy Murray's racial or ethnic animus towards the Plaintiff. In actuality, in addition to all of the incidents of discriminatory treatment about which Plaintiff complains, in particular, a former employee of Defendant who has relocated, if contacted, would testify concerning Nancy Murray's racial and ethnic jokes and disparaging comments.

G.  In support of their motion for summary judgment, the Defendants have asserted by way of affidavits and other supporting documentation that none of the alleged "harassing" conduct of Plaintiff's supervisor meets the severe or pervasive standard for harassment claims.

In addition to the continuous close scrutiny of the Plaintiff's work, activities and whereabouts and the abrasive, abusive and demeaning manner in which he is routinely treated by

the Defendants, the Defendants have also subjected the Plaintiff to the assignment of additional duties and responsibilities without corresponding compensation, restriction of his career advancement and promotional opportunities, strict application of job qualifications and requirements with respect to Plaintiff but not with respect to others, active, blatant discouragement of conversations in Spanish and the chastisement of Plaintiff and others who engage in such conversations, and actively engaging in efforts at effecting the termination of Plaintiff's employment for incidents that would result in suspensions at best for other employees.

As a result, the combination of all of the aforementioned have contributed to the Plaintiff's frustration, humiliation and at times physical illness in a way that creates a hostile work environment and adversely affects his work performance.

Regarding this aspect of this action, a genuine issue of material fact exists and consequently, the Defendants motion for summary judgment should be denied.

H. In support of their motion for summary judgment, the Defendants have asserted that Defendants are not guilty of retaliation because there is no causal connection between March 2001 termination and other mistreatment of Plaintiff and the filing of his EEOC complaint seven months earlier.

In <u>Kotcher v. Rosa & Sullivan Appliance Center, Inc.</u>, 957 F.2d 59 (2d Cir. 1992) the court remarked that regarding Title VII, Congress sought to protect a wide range of activity in

addition to filing a formal complaint. Grant v. Hazelett Strip Casting Corp., 880 F.2d 1564, 1569 (2d Cir. 1989). Accordingly, filing an internal complaint to company management suffices as protected activity.

It is undisputed that the Plaintiff has not only filed a complaint with EEOC but also this action in Federal District Court, as well as a number of grievances, in which the underlying allegations are based on his belief that he is being subject to disparate treatment. Additionally, he has complained to OneSource Corporate personnel as well as legislative leaders and the Office of Legislative Management regarding his discriminatory treatment at the hands of the Defendants.

Causal connection may be established either indirectly by showing that protected activity was followed closely by discriminatory treatment or through other evidence such as disparate treatment of fellow employees who engaged in similar conduct, or diretly through retaliatory animus directed against the Plaintiff by the Defendants. Johnson v. Palma, 931 F.2d 203, 207 (2d Cir. 1991).

## IV.   CONCLUSION

For all of the foregoing reasons, the Plaintiff respectfully requests that the Court deny the Defendants' motion for summary judgment.

                              THE PLAINTIFF
                              JORGE L. DUPREY

BY: _____
      ERIC D. COLEMAN (ct16621)
      His Attorney
      101 Oak Street
      Hartford, CT  06106
      (860) 527-9682